GEORGE REESE, Claimant, *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed June 3, 1937.*

618

ADVISORY OPINION BY MR. JUSTICE YANTIS.

Pursuant to your request for an Advisory Opinion, based upon the foregoing statement of facts submitted by you in the matter of the claim of *George Reese* vs. *Illinois Emergency Relief Commission,* the following opinion is submitted, based upon the aforementioned statement:

We find that at the time of the accident in question, both employer and employee were operating under and bound by the provisions of the Illinois Workmen's Compensation Act; that the injury to claimant's right eye arose out of and in the course of his employment and that under the provisions of Section 8 (a) of the Workmen's Compensation Act the Illinois Emergency Relief Commission is liable for the neces-

sary first-aid medical and surgical services, and for such necessary medical, surgical and hospital services thereafter as may be reasonably required to cure or relieve the employee from the effects of said injury; that the payment therefore, of the bill of Dr. Charles N. Stephens for services rendered claimant, as shown by the record, in the sum of Forty Six ($46.00) Dollars was justified and legally proper.

It further appears that as a result of the accident, claimant was unable to work for approximately four and one-half months; that claimant is entitled to compensation for temporary total incapacity for such period; that a settlement has been agreed upon between claimant and said Commission in full settlement of his rights to compensation for said accidental injury in the sum of One Hundred ($100.00) Dollars; that such agreement has been sanctioned by claimant's attorney and that said sum is within the amount fixed under the terms of the Workmen's Compensation Act. We are therefore of the opinion that such settlement is properly made by said Commission, and that the following conditions should be observed in connection therewith.

First: That the claim of *George Reese* vs. *State of Illinois,* Court of Claims No. 2581, now pending, should be dismissed.

Second: That payment of the above compensation shall be made by the Illinois Emergency Relief Commission out of any funds held by it and allocated for the payment of such claims.